### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

BOILERMAKER-BLACKSMITH NATIONAL )
PENSION FUND; BOILERMAKERS NATIONAL )
HEALTH AND WELFARE FUND; )
BOILERMAKERS NATIONAL ANNUITY )
TRUST; BOILERMAKERS' APPRENTICESHIP )
AND TRAINING FUNDS; JOHN FULTZ as a )
fiduciary of the BOILERMAKER-BLACKSMITH )
NATIONAL PENSION FUND, BOILERMAKERS )
NATIONAL HEALTH AND WELFARE FUND, )
BOILERMAKERS NATIONAL ANNUITY TRUST)
and BOILERMAKERS' APPRENTICESHIP AND )
TRAINING FUNDS; THE MOBILIZATION, )
OPTIMIZATION, STABILIZATION AND )
TRAINING FUND; and ROGER ERICKSON )
as a fiduciary of THE MOBILIZATION, )
OPTIMIZATION, STABILIZATION AND )
TRAINING FUND, )
                        Plaintiffs, )
vs. )   Case No. 14-cv-2028
 )
BOILER ERECTION AND REPAIR )
COMPANY, INC., )
                        Defendant. )
_____)

### **COMPLAINT**

Plaintiffs, for their cause of action against Defendant Boiler Erection and Repair Company, Inc., state as follows:

### **PLAINTIFFS' REQUEST FOR PLACE OF TRIAL**

1.     Pursuant to District of Kansas Rule 40.2, Plaintiffs hereby request that trial in this matter be held in Kansas City, Kansas.

### **NATURE OF THE CASE**

2.     This is an action brought pursuant to §§ 502 and 515 of the Employee Retirement

Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145 to collect fringe benefit contributions from the Defendant due and owing the Plaintiff Employee Benefit Plans. Plaintiffs bring this action against Defendant for failing to comply with its statutory and contractual obligations to the Plaintiff Funds arising by virtue of Defendant's collective bargaining agreement with the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL-CIO and/or its affiliated local unions (hereinafter "Union").

## PARTIES

3. Plaintiff Boilermaker-Blacksmith National Pension Fund (hereinafter "the Pension Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Pension Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Pension Fund maintains its principal place of administration at 754 Minnesota Avenue, Kansas City, Kansas 66101, which is located within the territorial boundaries of the District of Kansas. The Pension Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c)(5).

4. Plaintiff Boilermakers National Health and Welfare Fund (hereinafter "the Health & Welfare Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Health & Welfare Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Health & Welfare Fund maintains its principal place of administration at 754 Minnesota Avenue, Kansas City, Kansas 66101, which is located within the territorial boundaries of the District of Kansas. The Health & Welfare Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA,

2

29 U.S.C. § 186(c)(5).

5. Plaintiff Boilermakers National Annuity Trust (hereinafter "the Annuity Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Annuity Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Annuity Fund maintains its principal place of administration at 754 Minnesota Avenue, Kansas City, Kansas 66101, which is located within the territorial boundaries of the District of Kansas. The Annuity Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

6. Plaintiff Boilermakers' Apprenticeship and Training Funds (hereinafter "the Apprenticeship Funds") are "employee benefit plans" within the meaning of 29 U.S.C. § 1002(3). The Apprenticeship Funds are legal entities that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Apprenticeship Funds maintain their principal place of administration at 753 State Avenue, Kansas City, Kansas 66101. The Apprenticeship Funds' agent for the collection of contributions is located at 754 Minnesota Avenue, Kansas City, Kansas 66101, which is located within the territorial boundaries of the District of Kansas. The Apprenticeship Funds are "multi-employer plans" within the meaning of 29 U.S.C. § 1002(37) and have been established pursuant to § 302(c)(5) and (6) of the LMRA, 29 U.S.C. § 186(c)(5) and (6).

7. Plaintiff John Fultz is a fiduciary of the Plaintiffs Pension Fund, Health & Welfare Fund, Annuity Fund, and Apprenticeship Funds within the meaning of 29 U.S.C. § 1002(21), and as such, is a proper party to this action.

8. Plaintiff Mobilization, Optimization, Stabilization and Training Fund (hereinafter "the MOST Fund") is an employee benefit plan within the meaning of 29 U.S.C. § 1002(3).

The MOST Fund maintains its principal place of administration at 753 State Avenue, Kansas City, Kansas 66101, which is located in the District of Kansas.  The MOST Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).   Additionally, the MOST Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c).

9. Plaintiff Roger Erickson is a fiduciary of the MOST Fund within the meaning of 29 U.S.C. § 1002(21), and as such, is a proper party to this action.

10. Defendant Boiler Erection and Repair Company, Inc. (hereinafter "Boiler Erection") is a corporation organized under and existing by virtue of the laws of the State of Pennsylvania.  Defendant Boiler Erection is an employer within the meaning of 29 U.S.C. § 1002(5).

## JURISDICTION

11. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§ 1132 and 1145, and also pursuant to 28 U.S.C. § 1331.

12. Whereas the Plaintiff employee benefit plans are administered in the District of Kansas, venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2).

## CAUSE OF ACTION

13. Boiler Erection is a party to a collective bargaining agreement with the Union. Said collective bargaining agreement has been in effect at all times material to this action.

14. Each of the Plaintiffs Pension Fund, Health & Welfare Fund, Annuity Fund, Apprenticeship Funds, and MOST Fund (hereinafter collectively the "Funds") is established and operated pursuant to a written agreement and/or declaration of trust. These agreements and/or declarations of trust are incorporated by reference into and are a material part of the collective bargaining agreement between Boiler Erection and the Union.

15. Upon information and belief, at all times material and relevant to this action, Boiler Erection has employed employees who have performed covered work under the collective bargaining agreement.

16. Boiler Erection is obligated under the collective bargaining agreement to submit reports and fringe benefit contributions timely to the Funds. Allied is required to submit contributions to the Funds each month in such amounts as determined by the number of hours of covered work performed by Boiler Erection's employees at the rates established for the Funds in the collective bargaining agreement.

17. The collective bargaining agreement requires that contributions due to the Funds are to be paid by the fifteenth (15th) day of the month following the month in which the work was performed. Payments are delinquent if not paid by the twenty-fifth (25th) day of the month following the month in which the work was performed.

18. Boiler Erection reported the hours of covered work performed by its employees during November 2013 to the Funds, but failed to pay the contributions due and owing thereon to the Funds. As a result, Boiler Erection is in breach of the collective bargaining agreement.

19. Boiler Erection is liable to the Funds in the amount of twelve thousand, one hundred thirteen and 95 ($12,113.95) for contributions due and owing on the hours of covered

work performed during November 2013. As a result, Boiler Erection is in breach of the collective bargaining agreement.

20. The collective bargaining agreement, the trust agreements, and ERISA provide remedies to the Funds in the event an employer fails to make required contributions. Among the remedies available are costs of collection, attorneys' fees, interest, and liquidated damages.

21. Pursuant to the collective bargaining agreement and the trust agreements incorporated therein, Boiler Erection is liable to the Funds for liquidated damages of twelve percent (12%) of the untimely and the unpaid contributions. Accordingly, Boiler Erection is liable to the Funds for liquidated damages in the amount of one thousand, four hundred fifty three and 67/100 dollars ($1,453.67) upon the delinquent contributions for November 2013.

22. Pursuant to the collective bargaining agreement and the trust agreements incorporated therein, Boiler Erection is liable to the Funds for interest at the rate of twelve percent (12%) *per annum* upon the untimely and the unpaid contributions and the liquidated damages. Accordingly, as of January 21, 2014, Boiler Erection is liable to the Funds for accrued interest in the amount of one hundred twenty and 44/100 dollars ($120.44) upon the delinquent contributions for November 2013, and liquidated damages thereon. Interest continues to accrue.

23. The Funds have incurred attorneys' fees and other costs in their efforts to remedy Boiler Erection's failure to pay fringe benefit contributions. The Funds are entitled to recover these fees and costs pursuant to the terms of the collective bargaining agreement and by law.

**WHEREFORE,** Plaintiffs pray that the Court enter an Order:

(1) Finding that Defendant Boiler Erection is liable to all of the Plaintiffs in the amount of thirteen thousand, six hundred eighty-eight and 06/100 Dollars ($13,688.06) (contributions - $12,113.95; liquidated damages - $1,453.67; and interest accrued through January 21, 2013 - $120.44) and entering judgment against the Defendant and in favor of the Plaintiffs accordingly;

(2) Allowing the Plaintiffs to apply for an award against Defendant Boiler Erection for any additional amounts that are determined due and owing based on employer reports received after the filing of this action, or on another valid method of estimating the contributions that are due and owing, plus liquidated damages and/or interest on the fringe benefit contributions;

(3) Awarding the Plaintiffs their costs of this action, including Plaintiffs' reasonable attorney's fees; and

(4) Granting the Plaintiffs such other relief that the Court deems just and proper, including interest that accrues during the pending of this action.

Respectfully submitted,

**BLAKE & UHLIG, P.A.**
By   /s/ Charles R. Schwartz
Charles R. Schwartz
Kansas Bar No. 14232
753 State Avenue, Suite 475
Kansas City, Kansas 66101
Telephone:   (913) 321-8884
Facsimile:   (913) 321-2396

**ATTORNEYS FOR PLAINTIFFS**